IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

TERRY BUTLER                                                  PLAINTIFF

VERSUS                      CIVIL ACTION NO. 3:13-CV-82-TSL-JMR

JACKSON POLICE DEPARTMENT                   DEFENDANTS

REPORT AND RECOMMENDATION

       This cause comes before this Court on Motion [5] for Temporary Restraining Order and/or Preliminary Injunction filed by the Plaintiff, Terry Butler. Plaintiff seeks to enjoin the police from retaliating against him for filing this suit [5]. This motion was referred to this Court on June 13, 2013 [7]. A hearing was held on June 24, 2013 in which the Plaintiff appeared. The hearing was held prior to summons being issued on June 10, 2013 [6] and Defendant's Answer on July 1, 2013 [9].

       As background, Plaintiff contends in his Complaint [1] that the Jackson Police Department took his car when he claims they illegally charged him with the possession of marijuana. Plaintiff alleges he was found not guilty of possession and, thus, his car was wrongfully taken [1]. He has attached a letter [1-1,p.1] dated February 1, 2013 from Rebecca Coleman, Chief of Police, which she explains Defendant's position that Officer Jerry McWilliams retrieved a small plastic bag

thrown from his car which was later tested and determined to be marijuana. His car was towed to the Ward Wrecker Service. A second exhibit [1-1,p.2] dated December 4, 2012 entitled "Risk Management Liability Reporting Claim" presented by Plaintiff indicates that his car was sold at auction by Defendant.  He has also provided a Citizen Complaint and Injury Form dated September 7, 2012  [1-1,pp.3-7] which recounts his version of the incident.  The rest of the exhibits attached concerned the proceeding his arrest and trial on this matter [1-1,pp.8-12] .

On June 10, 2013, Plaintiff filed a "Motion for Retraint[sic] Order" [5] wherein he claims that unnamed Jackson  police employees are seeking to retaliate against him.  A hearing was held on June 24, 2013 with regard to his motion wherein Plaintiff stated that he was seeking to have all of the employees of the Jackson Police Department restrained from making false allegations against him and/or watching him. He also contends that he is in fear for his life due to his belief that the Jackson Police Department employees will retaliate against him for filing this suit.

In order to obtain injunctive relief, a plaintiff must satisfy the stringent test set forth in *Mississippi Power & Light Co. v. United Gas Pipe Co.*, 760 F.2d 618 (5th Cir. 1985) (citing *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974)).  The grant or denial of a preliminary injunction rests in the discretion of the Court.  *Canal Authority*, 489 F.2d at 572; *Johnson v. Redford*, 449 F.2d 115, 117 (5th Cir. 1971).A preliminary injunction is considered an

"extraordinary relief" *Lakedreams v. Taylor*, 932 F.2d1103,1107(5th Cir. 1991). The movant bears the burden of satisfying the "four prerequisites for the extraordinary relief of preliminary injunction." *Id,* 489 F.2d at 572. The four prerequisites are: (1) a substantial likelihood that plaintiff will prevail on the merits; (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted; (3) the threat and injury to plaintiff outweighs the threat and harm the injunction may do to defendants; and (4) granting the preliminary injunction will not disserve the public interest. *Id*.; *Byrum v Landreth*, 56 F.3d 442, 445 ( 5th Cir. 2009). These requirements are not balanced, but rather each one must be met before the court can grant such a drastic remedy as a temporary restraining order or preliminary injunction. *Mississippi Power & Light*, 760 F.2d at 621. Similarly, in considering these prerequisites, the court must bear in mind that a preliminary injunction is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion. *Canal Authority*, 489 F.2d at 573. The primary justification for applying this remedy is to preserve the court's ability to render a meaningful decision on the merits. *Id*.

The Fifth Circuit has "cautioned repeatedly that a preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion on all four requirements'".*Bluefield Water*

*Ass'n v. City of Starkville, Miss* 577 F.3d 250,253 (5th Cir. 2009). Based on the foregoing prerequisites and standards, this Court is of the opinion that the Plaintiff's motion should be denied.

  Under the allegations of the instant motion, the Plaintiff does not satisfy each of the four prerequisites required. Specifically, Plaintiff fails to allege the existence of "a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted." While Plaintiff has stated that he has a fear for his life as he believes that the Jackson Police Department are watching or stalking him. He has not presented a scintilla of evidence to substantiate his position. He has not brought forward evidence indicating he was charged with subsequent crimes, or that he has been harassed by employees of the Jackson Police Department on specific dates or times, or that specific employees of the Jackson Police Department were retaliating in anyway against him because of this suit. His sole allegation in the pending motion appears to be that some unnamed individual was speaking about the corruption of Jackson Police Department and his suit on June 4, 2013 at a gas station on Terry Road.

  Moreover, there is no indication if any injunction would be ordered it could be enforced or if it were enforced , any enforcement would clearly disserve  public interest.  In a recent letter dated October 28, 2013[19],  Plaintiff indicates that he is

living in a homeless shelter, the location of which is not presented.  If granted, the Court would have to order the Jackson Police Department employees, including police to cease to patrol any areas of town where the homeless shelters exist.  Clearly, by failing to patrol any area of the city, the police would disserve the public and any possible harm to the Plaintiff of looking at him or intimidating him, if proven to be applicable, would not be outweighed by the possible damage to the citizens of Jackson, Mississippi who would be without police protection.

Thus, the Court finds that the Plaintiff's allegations do not establish an imminent threat of irreparable injury. The Court further finds the alleged possible threat and injury to Plaintiff does not outweigh the threat and harm the injunction may do to non-movants and that the granting the preliminary injunction would disserve the public interest.  Therefore, the Court finally finds that he has failed to allege facts indicating that preliminary injunctive relief is necessary in order to preserve the Court's ability to render a meaningful decision on the merits. Thus, the Court recommends that Plaintiff's Motion [5] for Temporary Restraining Order and/or Preliminary Injunction be denied.

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party

filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the Report and Recommendation that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      This the 31st day of October, 2013.

                                  */s/ John M. Roper, Sr.*
                          CHIEF UNITED STATES MAGISTRATE JUDGE